IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE J. SYKES, #R-22570, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-cv-877-MJR |
| | ) |
| MAGID FAHIM, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court for review of Plaintiff's First Amended Complaint (Doc. 9), pursuant to 28 U.S.C. § 1915A. Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), serving a 25-year sentence for murder. On August 15, 2012, the Court struck Plaintiff's original 155-page hand-written civil rights complaint (Doc. 1), which named 55 individual Defendants as well as three unknown parties. Plaintiff was directed to file an amended complaint in compliance with Federal Rule of Civil Procedure 8 (Doc. 5). Plaintiff's First Amended Complaint includes a 26-page statement of his claim (Doc. 9-1, pp. 4-20; Doc. 9-2, pp. 1-9), as well as multiple exhibits (most of which are not necessary at this stage of the litigation).

The amended complaint alleges that twenty-five named Defendants infringed upon Plaintiff's civil rights under color of state law, in violation of 42 U.S.C. § 1983, by failing to respond to his written grievances, retaliating against him by issuing false disciplinary reports, interfering with his mail, and refusing to approve a phone conference with an attorney.

Specifically, Plaintiff lists numerous grievances he filed starting in November 2010 and continuing into 2012, and complains that Defendants Warden Rednour, Counselor

Price, Counselor Kristal Allsup, Grievance Officer Jennette Cowan, Counselor Barbara Mueller, Counselor Susan Hill, Grievance Officer Tracy Harrington, Investigator Thomas, Nursing Supervisor Janette Kinkade, Warden Michale Atchison, A/S Warden Harrington, Grievance Officer Oakley, and Counselor Shellie Cartwright either refused to treat his grievances as emergencies, failed to respond to them, rejected his grievances as untimely, or refused to look into the status of his grievances (Doc. 9-1, pp. 4-20; Doc. 9-2, p. 1). Defendant Hill made racist comments to him when he asked her about the status of his grievances (Doc. 9-1, p. 11). Plaintiff also mentions several other individuals who were involved in either responding to his grievances or reviewing the responses of other Defendants: Illinois Department of Corrections ("IDOC") Director Godinez, Administrative Review Board officials Sarah Johnson and Terri Anderson, Counselor Angela Grott, and Nursing Supervisor Angela Crain.[1] However, he did not include these five officials among the named Defendants in either the original or amended complaint.

For the most part, Plaintiff does not describe the subjects of these numerous grievances, referring to them only by date. Some grievances involved health care, but the complaint does not disclose the problems that prompted Plaintiff to invoke the grievance procedure (See Doc. 9-1, pp. 9, 12, 19-20). He also mentions an "issue that happened on 9-10-11" involving a ticket written on him by Defendant Officer Baker, but gives no further substantive information (Doc. 9-1, p. 15). Plaintiff summarizes each grievance-related claim by stating that his grievances went "unanswer[ed] and unavailable" and/or that the Defendants interfered with his attempts to use the government for a redress of grievances.

Plaintiff gives more detail on only one grievance. On February 22, 2011, he was

---

[1] The Clerk shall be directed to add these individuals as parties to the action. However, as shall be discussed below, they shall be dismissed because Plaintiff fails to state a claim against them.

"set up discrimination [sic]" by Defendants Counselor Allsup and Officer Miller. After Plaintiff filed a grievance against Defendant Allsup for sexual harassment, she wrote him a disciplinary ticket for sexual misconduct, intimidation, and disobeying a direct order. Plaintiff was punished with six months in segregation, as well as six months C-grade and commissary restriction (Doc. 9-1, p. 6).

Plaintiff further claims that unnamed mailroom officers have interfered with his outgoing legal mail by returning to him a properly-addressed envelope for the John Howard Association, claiming it bore an incorrect address; by removing copies of grievances from an envelope he addressed to the Uptown People's Law Center; and by returning other outgoing legal mail to him for insufficient funds (Doc. 9-2, pp. 1-3). Personal letters to Plaintiff's family were also not mailed out. Defendant Officer Todd Cowan refused to deliver some of Plaintiff's incoming mail, and purposely gave some of it to other inmates (Doc. 9-2, p. 4).

Defendant Legal Mail Officer Shel Stillwell Davis failed to timely deliver an incoming legal document for another pending court case. Plaintiff learned during a deposition that a request for production had been sent to him by opposing counsel on October 20, 2011, but he did not receive this document until December 2, 2011 (Doc. 9-2, pp. 4-5). When Plaintiff complained to Defendant Davis and filed a grievance against her, she "verbally assaulted" him and then, in retaliation for his complaint, wrote a disciplinary ticket against him for sexual misconduct (Doc. 9-2, pp. 6-7).

Defendants Timothy Veath and Jason Vasquez conducted the hearing on this disciplinary charge. Plaintiff requested to have his cellmate called as a witness to his encounter with Defendant Davis, but Defendants Veath and Vasquez refused (Doc. 9-2, pp. 6-7). They found Plaintiff guilty, and he was punished with one year of segregation, C-grade, and

commissary restriction (Doc. 9-7, p. 9).

Finally, in April 2012, Plaintiff received a letter from an attorney (Ms. Argentine of Seyfarth Shaw) proposing to conduct a telephone conference with him regarding medical treatment at Menard, evidently in preparation for a lawsuit (Doc. 9-12, p. 6).  Plaintiff sent his written confirmation that he wanted to participate in this call to Defendants Atchison, Betsy Spiller (whom Plaintiff did not list among the enumerated Defendants in Doc. 9, pp. 1-6), Hill, and Cartwright.  He also wrote back to Attorney Argentine on April 23, 2012, confirming his interest.  None of the Defendants responded to Plaintiff's request, so the telephone conference did not take place (Doc. 9-2, pp. 8-9).  However, on April 28, 2012, Plaintiff had an in-person conference at Menard with Attorney Alan Mills from the Uptown People's Law Center regarding the same matter.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that at this stage of the litigation, Plaintiff has articulated a colorable federal cause of action against Defendants Todd Cowan, Shel Stilwell Davis, and the Unknown Mailroom Officers for interference with legal and personal mail (Count 1); against Defendant Davis for retaliation (issuing a false disciplinary ticket on December 2, 2011) (Count 2); and against Defendants Davis, Timothy Veath and Jason Vasquez for deprivation of a liberty interest without due process (regarding the December 2, 2011, charge filed by Defendant Davis) (Count 3).

However, Plaintiff fails to state a claim upon which relief may be granted for failure to properly handle his grievances (Count 4), for deprivation of a liberty interest resulting from the February 22, 2011, disciplinary ticket issued by Defendant Allsup (Count 5), for verbal harassment (Count 6), or for interfering with his access to legal counsel (Count 7).  These claims

and the associated Defendants shall be dismissed from the action for the reasons to follow.

In addition, Plaintiff fails to include any allegations in the First Amended Complaint against a number of Defendants whom he had named in the original complaint, nor does he list them among the enumerated Defendants in the First Amended Complaint (Doc. 9, pp. 1-6). Plaintiff has therefore abandoned his claims against Defendants Magid Fahim, Dr. J. Shepherd, Dr. Hillerman, Dr. Sam Nwaobasi, F.E. Fuente, Rash Pollion, Kim Criss, Michelle Groves, Misty Thompson, Nurse Kiner, Nurse Oakley, Swisher, Heather Mosee, Amy Lans, Nurse Sullivan, Nurse Reynolds, Nurse Lorette, Nurse Donna, Nurse Anna, Officer Sulser, Officer August, Officer Bishop, Officer Fedderher, Officer Enselorse, Officer Heiman, Capt. Wright, Officer Miller, Officer Anthony, Officer Phlpe, Nurse Foutch, Officer Greenley, Officer Stockweather, Officer Best, Officer Sergeant Frank, Officer McClure, Officer Sergeant Hoskin, Leland Thomas, A/S Warden Butle, and the three Unknown Party Nurses. These Defendants shall be dismissed from this action without prejudice.

**Claims to be Dismissed**

Plaintiff's claims regarding his many grievances (Count 4) make up the bulk of his complaint. However, the mishandling or failure to respond to grievances does not implicate any constitutional right. Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances. Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state

prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Notably, Plaintiff does not allege that any of the Defendants (Rednour, Price, Allsup,[2] Jennette Cowan, Mueller, Hill, Tracy Harrington, Thomas, Kinkade, Atchison, Warden Harrington, Oakley, Cartwright, Godinez, Johnson, Anderson, Grott, and Crain) who failed to properly handle his grievances were involved personally in any of the misconduct that gave rise to those grievances. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli*, 81 F.3d at 1430. Plaintiff states only that these Defendants failed to address his grievances – grievances that he filed to complain about the misconduct of others. Therefore, Count 4 against Defendants Rednour, Price, Allsup, Jennette Cowan, Mueller, Hill, Tracy Harrington, Thomas, Kinkade, Atchison, Warden Harrington, Grievance Officer Oakley, Cartwright, Godinez, Johnson, Anderson, Grott, and Crain shall be dismissed with prejudice.

Plaintiff's allegation (Count 5) that Defendants Allsup and Miller caused him to be punished with six months in segregation based on the February 22, 2011, false disciplinary charge for sexual misconduct, intimidation, and disobeying an order, unlike the claim in Count 3, fails to state a cognizable claim. Under certain circumstances, an inmate punished with segregation may be able to pursue a claim for deprivation of a liberty interest without due

---

[2] Defendant Allsup is alleged to have filed a false disciplinary report against Plaintiff on February 22, 2011 (see Count 5). However, Plaintiff's claims that she failed to properly handle his grievances all involve grievances filed on other dates, none of which are alleged to have been based on any misconduct by Defendant Allsup herself.

process of law.  *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).  The Supreme Court has stated that in order to satisfy due process concerns, an inmate must be given advance written notice of the charge before he is called to the disciplinary hearing, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed.  *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974).  In addition, the decision to impose discipline must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

In reference to Count 3, Plaintiff pointed out that the disciplinary panel refused to call his witness, which indicates that one of the due process protections guaranteed by *Wolff* may have been improperly denied.  In contrast, however, when describing the incident in Count 5 (the February 22, 2011, disciplinary charges), Plaintiff does not mention any denial of procedural due process in the conduct of that disciplinary hearing.   Plaintiff has had two opportunities to plead the relevant facts supporting his claims.  He has failed to raise any question of a deprivation of his constitutional rights with regard to the disciplinary ticket issued by Defendant Allsup.  Therefore, Count 5 against Defendants Allsup and Miller shall be dismissed with prejudice.

Plaintiff complains about verbal harassment (Count 6) he experienced from Defendant Hill, who made racist comments to him when he asked her to look into the status of his grievances.   He also claims that Defendant Davis "verbally assaulted" him after he complained about the lengthy delay in delivering discovery documents that had been mailed to him by opposing counsel in other pending litigation.  While the Court does not condone such lack of professionalism, abusive or offensive language does not violate the constitution.  *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny

a prisoner equal protection of the laws"). *See also Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir. 1987) (the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution). Accordingly, Count 6 against Defendants Hill and Davis shall be dismissed with prejudice.

Finally, the Defendants' failure to approve Plaintiff's requested telephone conference with Attorney Argentine (Count 7), as pled, does not state a claim upon which relief may be granted. The key constitutional issue raised by this allegation is whether Plaintiff was denied access to the courts by the inaction of Defendants Atchison, Spiller, Hill, and Cartwright. It has long been established that prison officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing access to adequate libraries or to legal counsel. *Martin v. Davies,* 917 F.2d 336, 338 (7th Cir. 1990) (citing *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988)).

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (plaintiff must explain the connection between the denial of access to legal materials or assistance, and his inability to pursue a legitimate claim); *Lehn*, 364 F. 3d at 868. It is here that

Plaintiff's complaint falls short.

First, Plaintiff does not identify any pending or contemplated lawsuit which he was unable to pursue as a result of his inability to participate in the telephone conference with Attorney Argentine. Secondly, Plaintiff succeeded in having in a personal meeting with Attorney Mills, only five days after he sent his written confirmation to take part in the phone conference. No detriment or delay to an actual or potential legal claim is apparent from these facts. Therefore, Count 7 against Defendants Atchison, Spiller, Hill, and Cartwright shall be dismissed without prejudice.

If Plaintiff believes that facts exist to support a constitutional claim based on the events described in Count 7, and if he wishes to further pursue this claim, he must bring it in a separate lawsuit. No other viable claim is stated herein against the Defendants involved, and the events which gave rise to the claim in Count 7 have no factual connection to the other claims (Counts 1, 2, and 3) which shall receive further consideration. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

The motion for extension of time to file the amended complaint (Doc. 10) is **DENIED AS MOOT**. Plaintiff filed his First Amended Complaint within the deadline set by the Court.

Plaintiff's eighteen-page motion for leave to file four pages of exhibits (Doc. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff has already included voluminous exhibits

along with his First Amended Complaint, and the additional proffered exhibits are not needed for purposes of threshold review. If necessary, Plaintiff will be free to file his exhibits at the appropriate time, such as in opposition to a motion for summary judgment. *See* FED. R. CIV. P. 56(e). Furthermore, to the extent that Plaintiff may be seeking to supplement or amend his complaint with the additional factual allegations contained in this motion, his request is **DENIED.** The Court will not accept piecemeal amendments to a complaint, and the additional material in the motion at Doc. 11 shall not be considered. Should Plaintiff wish to submit another amended complaint, he must do so in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1.

On November 19, 2012, Plaintiff filed a document which has been construed as a motion for miscellaneous relief (Doc. 13). This motion is **GRANTED IN PART AND DENIED IN PART.** The document reiterates some of the allegations regarding mail delivery which were included in the First Amended Complaint and shall be given further review in Count 1 herein. However, it also includes allegations regarding medical treatment that are not mentioned anywhere in the First Amended Complaint. As noted above, Plaintiff cannot amend his complaint in a piecemeal fashion, therefore, these new allegations shall not be considered in this action. Plaintiff has had two opportunities to plead his constitutional claims to this Court in the instant case. To the extent that Plaintiff may be seeking to further amend his complaint through this motion, that request is **DENIED**. If Plaintiff has additional claims, he must bring them in a separate lawsuit.

Doc. 13 also includes a request for a form so that Plaintiff may file a motion for the appointment of counsel. As noted above, Plaintiff has already filed such a motion (Doc. 3), and it shall be given due consideration by the magistrate judge. In the event Plaintiff may find it

necessary to re-file his motion for counsel, that part of the motion is **GRANTED.** The Clerk is **DIRECTED** to mail Plaintiff a blank form motion for appointment of counsel.

**Disposition**

The Clerk is **DIRECTED** to add the following Defendants to the docket sheet: Grievance Officer Oakley, IDOC Director Godinez, Sarah Johnson, Terri Anderson, Angela Grott, Angela Crain, Betsy Spiller, and Unknown Party Mailroom Officers.

**COUNTS 4, 5, and 6** of the complaint are **DISMISSED** with prejudice. **COUNT 7** is **DISMISSED** without prejudice. Defendants **REDNOUR, PRICE, ALLSUP, JENNETTE COWAN, MUELLER, TRACY HARRINGTON, THOMAS, KINKADE, WARDEN HARRINGTON, GRIEVANCE OFFICER OAKLEY, GODINEZ, JOHNSON, ANDERSON, GROTT, CRAIN,** and **MILLER** are **DISMISSED** from this action with prejudice.

Because Plaintiff failed to include any allegations against them in the operative complaint (Doc. 9), **DEFENDANTS FAHIM, SHEPHERD, HILLERMAN, NWAOBASI, FUENTE, POLLION, CRISS, GROVES, THOMPSON, KINER, NURSE OAKLEY, SWISHER, MOSEE, LANS, SULLIVAN, REYNOLDS, LORETTE, DONNA, ANNA, SULSER, AUGUST, BISHOP, FEDDERHER, ENSELORSE, HEIMAN, WRIGHT, MILLER, ANTHONY, PHLPE, FOUTCH, GREENLEY, STOCKWEATHER, BEST, FRANK, McCLURE, HOSKIN, THOMAS, BUTLE, ATCHISON, HILL, CARTWRIGHT, SPILLER,** and the **UNKNOWN PARTY NURSES** are **DISMISSED** from this action without prejudice.

The following claims shall proceed for further consideration, having survived the §1915A review:

**COUNT 1** against **DEFENDANTS COWAN, DAVIS,** and **UNKNOWN MAILROOM OFFICERS** for interference with legal and personal mail;

**COUNT 2** against **DEFENDANT DAVIS** for retaliation; and

**COUNT 3** against **DEFENDANTS DAVIS, VEATH,** and **VASQUEZ** for deprivation of a liberty interest without due process.

The Clerk of Court shall prepare for Defendants **COWAN, DAVIS, VEATH** and **VASQUEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Mailroom Officers until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not

be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 26, 2012**

*/s/ Michael J. Reagan*
United States District Judge